UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HULISANDRA SEETHARAM
SHREYAS BHARADWAJ, et al.,

                    Plaintiff,

        v.

JOSEPH EDLOW, Director of United
States Citizenship and Immigration
Services,

                    Defendant.

CASE NO. 3:25-cv-06028-BHS

ORDER

THIS MATTER is before the Court on defendant Joseph Edlow's motion to dismiss, Dkt. 15, plaintiff Hulisandra Seetharam Shreyas Bharadwaj's amended complaint.

The United States Immigrant Investor Program grants permanent residency to foreign nationals who invest in certain commercial enterprises in the United States. 8 U.S.C. § 1153(b)(5)(A). It is colloquially known as the EB-5 program. *U.S. Sec. & Exch. Comm'n v. Hui Feng*, 935 F.3d 721, 725 (9th Cir. 2019).

ORDER - 1

Bharadwaj and his wife Meghana Srinivasa Iyengar[1] are Indian citizens seeking to immigrate permanently to the United States. Dkt. 11. Bharadwaj invested at least $800,000 into a new commercial enterprise in the United State, qualifying for the EB-5 program. *Id.* at 11. On April 29, 2025, he filed a Form I-526 E and Form I-485 with the United States Citizenship and Immigration Services (USCIS) to apply for an EB-5 visa and adjustment of status (to obtain a Green Card), respectively. On September 8, 2025, USCIS granted him an EB-5 visa. It has not yet decided on his Form I-485 application. *Id.*

In November 2025, Bharadwaj sued USCIS for its allegedly unreasonable delay in adjudicating his Form I-485 application. Dkt. 1 at 8. (citing 5 U.S.C. § 555(b)). In March 2026, he filed an amended complaint. Dkt. 11. He asserts the delay has harmed him by restricting employment opportunities and international travel, preventing him from visiting his elderly parents. *Id.* at 11–12. He asks this Court to compel USCIS to adjudicate his Form I-485 application within 30 days. *Id.* at 21.

USCIS moves to dismiss Bharadwaj's complaint. Dkt. 15. It argues the Court lacks jurisdiction over USCIS's actions, and that regardless, Bharadwaj does not sufficiently allege unreasonable delay. *Id.* at 5–8.

## I.   DISCUSSION

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the Court construes the complaint in the light most favorable to the

---

[1] The Court refers to both plaintiffs collectively as "Bharadwaj" for ease of reference. The Court intends no disrespect.

ORDER - 2

non-moving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Generally, the Court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1998).

"A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute." *United Transp. Union v. Burlington N. Santa Fe R. Co.*, No. C06-5441 RBL, 2007 WL 26761, at *2 (W.D. Wash. Jan. 2, 2007), *aff'd*, 528 F.3d 674 (9th Cir. 2008). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although courts must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**A.     The INA does not bar this Court from exercising jurisdiction over Bharadwaj's claims.**

USCIS argues that the Immigration Nationality Act (INA) precludes the Court from exercising jurisdiction over its actions. Dkt. 15 at 5. Bharadwaj responds that nothing in the statute indicates that Congress sought to preclude judicial review of cases like this. Dkt. 16 at 4–9.

The INA lists several discretionary immigration decisions over which federal courts lack jurisdiction. 8 U.S.C. § 1252(a)(2)(B)(i). It also provides that federal courts may not review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the

ORDER - 4

discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii).

While other circuits have held § 1252(a)(2)(B) precludes jurisdiction over "pace of adjudication" claims, the Ninth Circuit has not yet addressed this issue. *See, e.g., Kanapuram v. Dir. of USCIS*, 131 F.4th 1302, 1306–07 (11th Cir. 2025); *Vooda v. Edlow*, No. 2:25-cv-02668-JNW, 2026 WL 1846661, at *3 (W.D. Wash. 2026). District courts within this circuit are divided. *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1113 (C.D. Cal. 2025); *see, e.g., Khan v. Johnson*, 65 F. Supp. 3d 918, 924–25 (C.D. Cal. 2014) (following "the majority of district courts within this circuit" in ruling that § 1252(a)(2)(B)'s jurisdictional bar did not apply to pace of adjudication claims); *Varniab v. Edlow*, 2026 WL 485490, at *8 (N.D. Cal. 2026) (same); *Vooda*, 2026 WL 1846661, at *3 (same). *Cf. Khachutorov*, 792 F. Supp. 3d at 1114 (concluding courts lack jurisdiction over pace of adjudication claims); *Mohsenzadeh v. Kelly*, 276 F. Supp. 3d 1007, 1014 (S.D. Cal. 2017) (same).

The Court follows the majority of courts in this Circuit and in this District, none of which USCIS acknowledges. *See Hassane v. Holder*, No. C10-314Z, 2010 WL 2425993, at *3 (W.D. Wash. 2010) (collecting cases); Dkts. 15 and 17. The INA does not bar the Court from reviewing Bharadwaj's pace of adjudication claims.

**B.      USCIS's delay thus far in adjudicating Bharadwaj's application is reasonable.**

USCIS contends that Bharadwaj does not plausibly state the delay is unreasonable under the Administrative Procedure Act (APA). Dkt. 15 at 8. It argues the six-factor test

used to determine the reasonableness of an agency's delay leans in its favor. *Id.* (citing *Telecommunications Research & Action v. FCC (TRAC),* 750 F.2d 70, 80 (D.C. Cir. 1984)). Bharadwaj disagrees, arguing that factors one through five weighs in his favor. Dkt. 16.

Under the APA, a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "Agency action includes a failure of the agency to act and courts are empowered to compel agency action unlawfully withheld or unreasonably delayed." *Khan,* 65 F. Supp. 3d at 925 (citation modified).

The Ninth Circuit uses a six-factor test to determine whether an agency delay— including USCIS inaction—is unreasonable. *Id.* at 928. The factors are:

(1) the time agencies take to make decisions must be governed by a "rule of reason";

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and

(6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Id.* (citing *TRAC,* 750 F.2d at 80).

Factor one and two require the Court to consider whether the delay is reasonable, particularly in view of any timeframe set by Congress. *Vooda*, 2026 WL 1846661, at *4; *Hassane*, 2010 WL 2425993, at *4. The length of the delay is the "most important factor," though it is not dispositive. *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022) (citation modified). Courts generally find "delays of four years or less not to be unreasonable." *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1071 (N.D. Cal. 2014); *see Qureshi v. Napolitano*, 2012 WL 2503828, at *4 (N.D. Cal. 2012) (collecting cases). There is no statutory timeframe by which USCIS must decide Form I-845 applications. *Id.* at *6.

Bharadwaj submitted his Form I-485 application 15 months ago, and USCIS granted him an EB-5 visa less than one year ago. The delay appears reasonable to the Court. The first two factors weigh against Bharadwaj.

Factors three and five address any prejudice and adverse effects on human health and welfare caused by the delay. *Islam*, 32 F. Supp. 3d at 1073. Bharadwaj asserts USCIS's delay has left him "stranded inside of the United States," preventing him from traveling to India to care for his parents. Dkt. 11 at 12. He also raises concerns about the return on his EB-5 investment and potential gaps in his work authorization. *Id.* The Court recognizes the difficulty and restrictions imposed by the delay, but these are common

hardships faced by many applicants awaiting adjustment of status. *Vooda*, 2026 WL 1846661, at *4. These factors do not clearly favor either party.

Factor four requires the Court to consider the effect of expediting Bharadwaj's application "on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80. Courts differ on how they treat this factor. *Contrast Vooda*, 2026 WL 1846661, at *4 (prioritizing plaintiff would be "at the expense of similarly situated applicants" and interfere with USCIS's discretionary priorities); *with Qureshi*, 2012 WL 2503828, at *7 (plaintiff merely seeks a decision, not to "otherwise change USCIS policy").

The Court recognizes that requiring USCIS to prioritize Bharadwaj's Form I-845 application would come at the expense of similarly situated applicants, including those who may have sought adjustment of status before him. It is up to USCIS how it prioritizes its activities and allocates resources. *Vaz*, 33 F.4th at 1138. The Court notes that should USCIS's delay extend to the point the application becomes "stagnant," this factor may well tip in Bharadwaj's favor. *Qureshi*, 2012 WL 2503828, at *7. However, at this stage, factor four weighs in USCIS's favor.

Factor six is "not really a factor, but merely a confirmation that agency delay need not be intentional to be unreasonable." *Vooda*, 2026 WL 1846661, at *5. Bharadwaj does not assert USCIS's inaction is in bad faith. This factor is therefore neutral.

The Court determines that *TRAC* factors one, two, and four weigh in USCIS's favor, whereas factors three, five, and six are neutral. The Court does not find the 15-month delay in adjudicating Bharadwaj's adjustment of status application unreasonable.

When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

No additional facts can alter the outcome of the Court's *TRAC* factors analysis at this stage. Amendment would be futile, and the Court denies leave to amend.

There may be a point at which further delay in ruling on Bharadwaj's Form I-485 application becomes unreasonable. *Vooda*, 2026 WL 1846661, at *5; *Islam*, 32 F. Supp. 3d at 1070. For this reason, USCIS's motion to dismiss, Dkt. 15, is **GRANTED without prejudice**.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2026.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 9